IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| **KIMBERLY YVETTE RICE**, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 16 C 9856 |
| | ) | |
| **FRANKLIN COLLECTION SERVICES, INC.**, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM ORDER

Kimberly Yvette Rice ("Rice") has recently filed her "Complaint for Relief Pursuant To the Fair Debt Collection Practices Act" ("Complaint"), targeting debt collector Franklin Collection Services, Inc. ("Franklin") for its assertedly unlawful collection practices. This memorandum order is issued sua sponte because of some problematic aspects that appear on the face of Rice's Complaint.

Mention is first made of a few allegations that appear to have no relevance to Rice's claim. For one thing, Complaint ¶ 3 alleges that Franklin "conducts business in the Southern District of Indiana," a venue to which Rice's substantive allegations appear to have no connection at all. In like fashion, Complaint ¶ 8 speaks of Franklin's contacts with the State of Michigan, a location that also appears to have no relationship whatever to Franklin's conduct vis-a-vis Rice.

Those references may simply be the result of sloppy practice on the part of Rice's counsel, who has perhaps drawn unthinkingly on allegations in other complaints that form part of counsel's Fair Debt Collection Practices Act litigation. But in any event those matters simply call for some explanation by counsel, for they do not affect this action in substantive terms.

That is not the case, however, as to another subject disclosed by a comparison between the Complaint itself and one of its exhibits, a subject to which this memorandum order now turns. According to Complaint ¶¶ 14-16, in December 2015 Rice filed a Chapter VII bankruptcy petition in this District's Bankruptcy Court, listing her consumer debt to AT&T Wireless ("AT&T"), so that AT&T received a notice of her filing. That notification assertedly caused Rice's early October 2016 discovery, as the result of having obtained a credit report on herself, that the report showed an entry for Franklin (with which she had no prior familiarity). And that was in turn followed by her telephone conversation with a Franklin representative, who told her that the firm was acting to collect on her obligation to AT&T (Complaint ¶¶ 18-22).

But that narrative is puzzling in light of Complaint Ex. D, the bankruptcy court's form Notice of Chapter 7 Bankruptcy Case, which form's Certificate of Notice does not appear to include AT&T among any of the persons and entities to which the Bankruptcy Noticing Center sent notices of Rice's bankruptcy filing -- AT&T is not listed either among the 13 persons or entities notified by first class mail, or among the dozen persons or entities notified by electronic transmission or among the three entities listed as "bypassed recipients (undeliverable)." If such is the case, Rice's counsel must provide further input to support a claim of statutory violation by Franklin.

This Court grants Rice's counsel until November 7, 2016 to transmit two counterparts of an appropriate supplemental explanation on that score, one to the Clerk's Office for filing and the other to this Court's chambers as its Judge's Copy. This Court will then determine what further proceedings are called for.

_____
Milton I. Shadur
Date: October 24, 2016   Senior United States District Judge